IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| **PRAIRIE POINTE ORTHODONTICS, P.A.**, on behalf of itself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**JORNS & ASSOCIATES, LLC, ZEN LIFE HOLDINGS, INC.** d/b/a "JORNS & ASSOCIATES", **BEN WOOD, MALCOLM MENEZES, AND JASON CHARLES GUCK A/K/A JASON CHARLES,**<br><br>**Defendants.** | Case No. 2:22-cv-02451-JAR-GEB<br><br>**CLASS ACTION** |

## **FINAL APPROVAL ORDER AND JUDGMENT**

Before the Court is Plaintiff's unopposed motion requesting that the Court enter an Order granting final approval of the settlement in this Action ("Settlement") involving Plaintiff Prairie Pointe Orthodontics ("Plaintiff" or "Class Representative")[1], for itself and on behalf of the class of persons it represents ("Settlement Class" ), and Defendants Jorns & Associates, LLC ("Jorns"), Zen Life Holdings, Inc. ("Zen Life"), Ben Wood, Malcom Menezes, and Jason Charles Guck (with Plaintiff and Defendants collectively referred to herein as the "Parties"). as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and the motion for final approval of the settlement, and having conducted a Final Approval Hearing on February 6, 2023, 2023, and incorporating the extensive oral findings the Court made at that hearing, the Court

---

[1] Unless otherwise defined, all terms used herein shall have the same meaning as set forth in the Settlement Agreement (D.E. 70-1).

1

makes the findings detailed in this order and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Approval Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** makes the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

1. The Settlement involves allegations in Plaintiff's Second Amended Class Action Complaint (D.E. 39) that Defendants violated the Telephone Consumer Protections Act ("TCPA") by sending unsolicited fax advertisements that failed to include a compliant opt-out provision.

2. The Settlement does not constitute an admission of liability by, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

3. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On September 11, 2023, the Court entered an Order which among other things: (a) approved Class Notice, including approval of the form and manner of Class Notice set forth in the Settlement Agreement; (b) preliminarily approved the Settlement; (c) set deadlines for opt-outs and objections; (d) approved and appointed the Claims Administrator; and (e) set the date for the Final Approval Hearing.

5. In the Order Granting the Motion for Preliminary Approval of Class Settlement Agreement, pursuant to Rule 23(b)(3), 23(b)(2), and 23(e), the Court conditionally certified the

Settlement Class, defined as follows:

> All persons, natural or otherwise, in the United States and its territories who, (1) from October 12, 2018 to the present, (2) were sent one or more facsimile transmissions substantially in the form attached as Exhibit A to the Second Amended Complaint.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Rule 23(e), grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Rule 23.

7. The Settlement Agreement provides for:

   a. Fax notice to every number on the list of medical providers supplied by AdverFax that was used in transmitting the faxes in question (the "Medical Fax List");

   b. The creation of a non-reversionary $2,500,000.00 Settlement Fund, from which Eligible Settlement Class Members (as defined in Settlement Agreement Section II.12.) who submit a valid Claim Form will receive a pro rata Cash Award after deductions for the Settlement Administration Costs, Service Award, and Plaintiffs' Fee Award (including reasonable litigation costs), all of which were subject to approval by the Court; and

   c. Injunctive relief to ensure that no Defendant will engage in future conduct involving facsimile advertising and promotion which would violate the TCPA.

8. The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

9. Notice of the Final Approval Hearing, the proposed motion for the Fee Award, and the proposed Service Award payment to Plaintiff have been provided to Settlement Class Members, as directed by this Court's Orders, and an affidavit or declaration of the Claims Administrator's compliance with Class Notice has been filed with the Court.

10. The Court finds the proposed Class Notice, as therein ordered, constitutes the best

possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).

11. As of the final date that Settlement Class Members can exclude themselves in accordance with Section III.J. of the Settlement Agreement, two (2) Settlement Class Members have submitted a valid Exclusion Request (as set forth in Section III.J.2 of the Settlement Agreement) to be excluded from the Settlement. The names of those persons are set forth in **Exhibit A** to this Order. Those persons are not bound by this Final Approval Order and Judgment, as set forth in the Settlement Agreement.

12. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and declarations filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13. Pursuant to the Settlement Agreement, the Parties and the Claims Administrator shall implement the Settlement in the manner and time frame as set forth therein.

14. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Defendants and related persons/entities, and Defendants and Third-Party Defendants release claims against one another and related persons/entities, as defined in the Settlement Agreement, as follows:

- Each Settlement Class Member (other than those who submit valid and timely opt-outs) will release and forever discharge Defendants, together with all of their current and former parents, subsidiaries, affiliates, officers, directors, stockholders, employees, administrators, assigns, agents, members, owners, managers, heirs, predecessors, successors, attorneys, and representatives for all causes of action relating in any way to the Released Claims.

- Defendants release all claims of any kind or nature that have been or could have been asserted against the Class Representative, any Settlement Class Member (other than those who submit valid and timely opt-outs), or Class Counsel relating in any way to

the Released Claims (other than those who submit valid and timely opt-outs).

As set forth in the Settlement Agreement, Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Settlement Agreement and shall not include the claims of those persons identified in Exhibit A to this Order who have timely and validly requested exclusion from the Class.

15.     On the Effective Date and in consideration of the promises and covenants set forthin this Settlement Agreement, (i) Plaintiff and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co- borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Parties" as defined in Settlement Agreement, Section II.23.) will be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Parties (as defined in Settlement Agreement, Section II.22.) from the Released Claims.

16.     Defendants are hereby enjoined under Fed. R. Civ. P. 23(b)(2) from engaging in future conduct involving facsimile advertising and promotion which would constitute a violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227.

17.     The Court determines that this Final Approval Order and Judgment complies in

all respects with Federal Rule of Civil Procedure 65(d)(1).

18. The Court approves Class Counsel's application for attorneys' fees and reimbursement of expenses incurred in the prosecution of the case in the amounts of $833,250 in fees, and $6,965.40 in expenses.

19. The Court approves Class Counsel's application for a Service Award for the Class Representative in the amount of $10,000.00.

20. The Court finds the fees and costs of the Claims Administrator are reasonable.

21. The Settlement Agreement, including all of its terms and Exhibits, is fully and finally approved. The Court shall retain jurisdiction pending full implementation of the Settlement, and the Parties shall file, in due course, a joint notice informing the Court that the settlement has been finally implemented, at which point this case shall be closed.

22. In accordance with Rule 23, this Final Approval Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Order as the final judgment in this matter.

IT IS SO ORDERED this  9th   day of   February  , 2024.

                                                  s/ Julie A. Robinson
                                                  _____
                                                  HON. JULIE A. ROBINSON
                                                  UNITED STATES DISTRICT JUDGE

**EXHIBIT A**
**List of Opt Outs**

1. Claim ID: 52812437
   PERMIN BOPINI
   1150 BROADWAY
   CHULA VISTA CA 91911
   Fax:  6194761250

2. Claim ID:  19240139
   WALMART VISION CENTER
   Fax:  2252951235